**SO ORDERED.**

**SIGNED this 10th day of May, 2012.**



_____
Dale L. Somers
United States Bankruptcy Judge

_____

Opinion designated for publication

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In re:** | |
| **STARLITE HOUSEBOATS, INC.,** | **CASE NO. 09-24200** |
| | **CHAPTER 7** |
| **DEBTOR.** | |

**MEMORANDUM OPINION AND JUDGMENT DENYING
MOTION OF DENISON STATE BANK, RECEIVER FOR ALLEGED DEBTOR,
FOR JUDGMENT AGAINST PETITIONING CREDITORS FOR
ATTORNEY'S FEES INCURRED IN DEFENSE OF INVOLUNTARY PETITION**

The matter under advisement is the Motion of Denison State Bank, Inc., Receiver for Alleged Debtor, Starlite Houseboats, Inc., for Judgment against Petitioning Creditors for Attorney's Fees incurred in Defense of Involuntary Petition (Motion).[1] The statutory authority is 11 U.S.C. § 303(i)(1), which provides that if the court dismisses an

---

[1] Dkt. 53.

involuntary petition other than on consent of all petitioners and the debtor, the court may grant judgment against the petitioners for costs or reasonable attorney fees. For the reasons stated below, the Court denies the Motion.

**BACKGROUND FACTS, THE MOTION, AND THE FACTUAL BASIS FOR THIS RULING.**

This involuntary Chapter 7 case against Debtor Starlite Houseboats, Inc. (Starlite) was filed on December 18, 2009 by three creditors, H2O Resorts International, LTD (H2O), C & E Hardwood, LLC, and Cummins Crosspoint, LLC (collectively Petitioning Creditors). Starlite, through Denison State Bank as state court Receiver of Starlite, answered the petition and opposed the granting of the involuntary petition. After trial held over three days, commencing on February 17, 2010 and concluding on February 24, 2010, the Court, on March 23, 2010, filed its Memorandum Opinion and Order Dismissing Involuntary Petition. It ruled that the involuntary petition was not filed in accord with 11 U.S.C. § 303(b)(1), which provides that an involuntary petition may be filed "by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount." The Court found that only two of the three Petitioning Creditors held qualifying claims. Although H2O asserted it was a qualifying creditor because it had obtained a default judgment against Starlite in federal court litigation, the Court held that the judgment was subject to a bona fide dispute as to liability or amount because it was possible that the default judgment was entered

without personal jurisdiction over the Debtor based upon insufficiency of service of process.  Further, the Court held that even if the petition were proper, the Court would abstain from hearing the case since the windup of Starlite's affairs was being actively pursued in the state court receivership of Starlite, which had been filed in April 2009.

Almost a year after dismissal, on March 1, 2011, Denison State Bank, as Receiver, filed the Motion.  It is a "bare bones" pleading and simply recites the admitted procedural facts of the filing of the involuntary petition, the trial, and denial of the petition.  It seeks fees and expenses in the amount of $68,144.03, supported by itemized detail of time expended.

The Petitioning Creditors filed an extensive brief in opposition.  The brief includes many factual allegations, including events both before the filing of the involuntary petition (evidence of which was presented to the Court in the trial on the petition) and events after the case was dismissed.  Attached to the brief are copies of an unofficial "transcript" of a July 10, 2009 recorded phone conference between counsel for the Receiver and for H2O; a Memorandum and Order filed on June 29, 2010, in the federal court litigation in which a default judgment was obtained by H2O against Starlite, and an undated, un-notarized "affidavit" concerning a visit by an investigator on May 8, 2009 to the alleged office of Starlite.  Discovery was undertaken.  The Receiver filed a support brief.  Attached to that brief are copies of the deposition testimony of decision makers for each of the three creditors; copies of letters between counsel for the Petitioning Creditors and counsel for the Receiver in October 2009,

3

before the involuntary petition was filed; and a copy of an order in the Receivership proceedings dated January 25, 2012.

An evidentiary hearing was scheduled, but on the date of trial, scheduling conflicts arose, and the parties agreed to submit the matter on the briefs.

When ruling on the Motion, the Court will rely upon the record and findings from the trial on the objection to the involuntary petition, which findings are incorporated herein by reference. The Court declines to consider the July 10, 2009 "transcript" and the "affidavit" appended to the Petitioning Creditors' opposition brief. The unofficial "transcript" has not been shown to be reliable. The "affidavit" is unnotarized. The Memorandum and Order filed on June 29, 2010 will be considered. The Court will also consider the attachments to the Receiver's brief. The depositions are reliable. They evidence that the three creditors before filing the petition were aware that the Debtor's attorneys fees could be assessed against them if the petition was dismissed. The letters attached to the Receiver's brief were previously filed with this Court as attachments to the answer to the involuntary petition. The order from the Receivership proceeding is likewise reliable.

**ANALYSIS.**

The statutory conditions for the award of fees and costs under § 303(i)(1) are present. The involuntary petition was dismissed under § 303, other than on consent of all the petitioners and the debtor. There is no contention of waiver of the right to

judgment for fees and expenses. The Court therefore "may" grant judgment against the petitioners in favor of the Receiver for Starlite for attorney fees and expenses.

Section 303(i)(1) provides only two guideposts as to when fees should be awarded. First, by using the word "may," it is clear that judicial discretion is involved. Second, by providing in § 303(i)(2), for a judgment against a petitioner that filed a petition in bad faith for damages proximately caused and punitive damages, it is clear that bad faith filing is not required for an award of fees and costs.

The Tenth Circuit has not provided guidance on the exercise of discretion under § 303(i)(1). A student law review article has identified four approaches: (1) automatic award; (2) burden shift; (3) rebuttable presumption; and (4) straight discretion.[2] Courts adopting the automatic award "view an award of attorney's fees as the normal result after dismissal of an involuntary petition."[3] Under the burden shift, once it is shown by the debtor that the conditions of § 303(i) are present, "the burden of persuasion shifts to the petitioning creditors to show, by a preponderance of the evidence and under the totality of the circumstances, that attorney's fees should not be awarded to the debtor."[4] Although the burden shift and rebuttable presumption approaches are similar, courts adopting a rebuttable presumption that fees should be awarded place a higher initial

---

[2] Isabella C. Lacayo, *After the Dismissal of an Involuntary Bankruptcy Petition: Attorney's Fees Awards to Alleged Debtors*, 27 Cardozo L. Rev. 1949, 1960-72 (2006).

[3] *Id*. at 1960.

[4] *Id*. at 1962.

5

burden on the debtor than they do under the burden shift method.[5] The straight discretion approach rejects a specific procedural framework and emphasizes that determination is a matter of the court's discretion guided by the totality of the circumstances.[6]

The Receiver urges the Court to adopt either the automatic award[7] or the rebuttable presumption[8] approach. The Court declines to do so. The fact of dismissal should not cause the imposition of fees, since the statute uses the word "may." And use of procedural mechanisms to fulfill the purpose of limiting involuntary petitions to meritorious cases is rejected. The Court finds the straight discretion approach most consistent with the plain language of § 303(i)(1) and the general rule that each party must bear its own litigation costs and expenses. The possibility of a fee award based upon the totality of the circumstances, coupled with the possibility of an award of damages if a petition is filed in bad faith, should be sufficient to discourage inappropriate petitions. Neither an automatic award nor shifting the burden of proof is required to assure compensation to debtors when appropriate.

---

[5] *Id.* at 1965.

[6] *Id.* at 1968.

[7] Dkt. 62, citing *In re Leach*, 102 B.R. 805, 808 (Bankr. D. Kan 1989) for the proposition that "section 303(i)(1) **routinely** contemplates the award of costs and attorney's fees to the debtor."

[8] Dkt. 105, citing *Higgins v. Vortex Lures LP (In re Vortex Fishing Systems, Inc.)*, 379 F.3d 701, 709 (9th Cir. 2004).

6

The factors to be considered under the totality of the circumstances test have been described by the Ninth Circuit Court of Appeals as follows: "1) 'the merits of the involuntary petition,' 2) 'the role of any improper conduct on the part of the alleged debtor,' 3) 'the reasonableness of the actions taken by the petitioning creditors,' and 4) 'the motivation and objectives behind filing the petition.'"[9] Application of these factors to the unique circumstance of this case, where the alleged Debtor had been in a state court receivership for over seven months when the petition was filed, convinces the Court fees should not be awarded.

The Court finds that the first factor strongly supports the denial of the fee request. The involuntary petition had merit. It was filed by three creditors, and it was stipulated that two of them held claims not subject to bona fide dispute. The claim of the third creditor, H2O, was based upon a default judgment which the creditor believed to be valid. The bona fide dispute arose from the possibility of a defect in service of process. Strong arguments as to the sufficiency of service were made by both the Receiver and H2O; the decision that there may have been a defect in service was not easily made. Since the Code requires an involuntary petition to be filed by three holders of claims not subject of a bona fide dispute as to liability or amount, the possibility of insufficient service was sufficient to disqualify H2O as one of the required three creditors.

---

[9] *In re Vortex Fishing Systems, Inc.* at 707, quoting *In re Scrap Metal Buyers of Tampa, Inc.*, 233 B.R.162, 166 (Bankr. M.D. Fla. 1999).

Consideration of the remaining factors is predominated by the fact that Starlite had been placed into a state court receivership by its principal secured creditor, Denison, approximately seven months before the involuntary petition was filed. H2O, the lead Petitioning Creditor, had participated in the receivership proceedings. At the time this case was filed, Starlite was not conducting business, and Starlite was not engaging in improper conduct which induced the filing of the involuntary petition.[10] Nevertheless, the Petitioning Creditors' actions were not unreasonable. The creditors' motivation was a desire to change administration of Starlite's affairs from the state court to the federal court. They had a good faith belief that the criteria for an involuntary petition were present.

When all of these factors are considered, the Court concludes that the circumstances for award of fees to the Receiver of Starlite are not present. The petition had merit. Neither Starlite nor the Petitioning Creditors engaged in any reprehensible or unreasonable conduct. The Court also notes that unlike the filing of many involuntary petitions, the petition in this case did not harm Starlite's reputation or business affairs. Equity is best served by not shifting the burden of attorney fees.

---

[10] Although the Petitioning Creditors make allegations of improper actions by Denison and the Receiver in the receivership proceedings, these matters should have been addressed to the receivership court.

8

**CONCLUSION.**

For the forgoing reasons, the Motion of Denison State Bank, Inc., Receiver for Alleged Debtor, Starlite Houseboats, Inc., for Judgment against Petitioning Creditors for Attorney's Fees incurred in Defense of Involuntary Petition is denied.

**JUDGMENT**.

Judgment is hereby entered denying the Motion. The judgment based on this ruling will become effective when it is entered on the docket for this case, as provided by Federal Rule of Bankruptcy Procedure 9021.

**IT IS SO ORDERED.**

###